**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **MAGISTRATE NO.: 26-mj-096** |
| | : | |
| **MANUEL THOMAS,** | : | **VIOLATION:** |
| | : | |
| **Defendant,** | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of a Firearm and** |
| | : | **Ammunition by a Person Convicted of a** |
| | : | **Crime Punishable by Imprisonment for a** |
| | : | **Term Exceeding One Year)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 924(d), 21 U.S.C. § 853(p),** |
| | : | **and 28 U.S.C. § 2461(c)** |

**I N F O R M A T I O N**

The United States Attorney charges that:

**COUNT ONE**

On or about June 2, 2026, within the District of Columbia, **MANUEL THOMAS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in United States District Court for the Eastern District of Virginia, Case Number 20-cr-19, did unlawfully and knowingly receive and possess a firearm, that is, a Taurus GX4 9mm handgun, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Information, the Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a Taurus GX4 9mm handgun and 9mm ammunition.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    /s/ Charles Klug
Charles E. Klug
Assistant United States Attorney
D.C. Bar No. 1619775
601 D Street, N.W.
Washington, D.C. 20530

(202) 730-6872
Charles.Klug@usdoj.gov